# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: ) | Chapter 13 |
| ) | |
| BARBARA LYNN CORSON, ) | Case No. 2:05-16760-GBN |
| ) | |
| Debtor. ) | ORDER |
| _____ ) | |

I.

This order will resolve debtor's objection to the fee application of counsel for the Chapter 7 trustee. The Bankruptcy Code requires the trustee to collect and reduce to money bankruptcy estate property and close the case as expeditiously as compatible with the best interest of interested parties. When necessary and only with court approval, the trustee may employ attorneys to represent or assist the trustee in carrying out trustee duties. When so employed, the trustee's attorney is entitled to reasonable compensation for actual, necessary services based on their nature, extent, value, time spent and the cost of comparable services. *Garcia v. U.S. Trustee (In re Garcia),* 335 B.R. 717, 723 (9th Cir. B.A.P. 2005).

*Garcia* reaffirmed rejection of a standard that services are only compensable if they result in a material estate benefit. This does not comport with the statue's clear meaning. A professional need only demonstrate that the services were reasonably likely to benefit the estate at the time rendered. *Id.* at 724.

The analysis begins by determining whether the services are actually compensable legal services. Finding compensability merely means the services are properly understood as legal services, as contrasted with administrative or other nonlegal services.

Determining compensable legal work is assisted by examining the relationship between the trustee and trustee's counsel. Section 328(b) of the code mandates that an attorney cannot receive compensation for work normally performed by a trustee without legal assistance. *Id.* at 724-25, 11 U.S.C. §328(b). *Also see Sousa v. Miguel (In re U.S. Trustee),* 32 F.3d 1370, 1373 (9th Cir. 1994).

II.

Debtor does not contest $2,064.50 of requested fees. Applicant has agreed to a slight fee reduction to $4,995.00 (Eliminating fees incurred preparing employment applications for counsel and the trustee's real estate broker, r review of debtor's counsel's Rule 2016 statement and preparation of the fee application). Response at p. 4, administrative docket item ("dkt.") 75.

Applicant provided a sufficient explanation of billing entries related to work on an unconsummated settlement with debtor at the initial hearing on January 19, 2007. As noted, *Garcia* and earlier precedent instruct that applicant need demonstrate only that the services were reasonable likely to benefit the estate at the time rendered. *Garcia* at 724. Debtor was directed to file a statement of her remaining objections. Minutes of hearing, dkt. 98. She has done so. Dkt. 99.

Debtor complains of billing for counsel's telephone contract with debtor herself, regarding possible payment to the estate, as a routine trustee duty. Sadly, this was not a routine case. The April 7, 2006 billing occurred after the trustee, through counsel, sought an order to compel debtor's cooperation with efforts to inspect and market debtor's residence. Applicant explains:

> Rather, the telephone communication was initiated by the debtor in response to the Order to Show Cause against her for failure to cooperate with the Trustee relating to the sale of the residence. Counsel discussed same with Debtor as well as a possible resolution.

Response *id.* at pgs. 2-3.

Only when unique difficulties arise may compensation be provided for services that coincide or overlap with trustee duties. Such work must require legal expertise. *Garcia* at 725. These billings are such an exception. The parties ultimately negotiated a settlement stipulation for debtor's payment of $20,000, resolving the need to litigate a dispute regarding equity in the residence. This billing entry is allowed.

Debtor complains applicant billed for trustee work in reviewing the schedules for unsecured claims and the bar date for filing a claim on April 18 of 2006. Applicant explains: "Counsel reviewed Debtor's unsecured claims in relation to the issue of nonexempt equity in the residence. It was necessary to determine the amount of the Estate claims in structuring an appropriate resolution." Response at p. 3. This explanation supports compensability to the court's satisfaction.

Objections are made to billings for contact with creditor Welling on April 3, June 26, August 2 and 3, July 20 and August 23. Objector correctly points out that in general, creditor contacts are the trustee's duty. An April 3 billing entry dealing with Ms. Welling cannot be located. There is a May 3 entry charging $36 for a telephonic conference with her. This entry does not appear to be compensable.

The court cannot locate June 26 entries identifiable with Ms. Welling. However, two June 28 entries appear, dealing with a telephone call and correspondence regarding the settlement stipulation and its objection deadline. A similar entry appears for July 20. These are compensable as involving the settlement stipulation drafted by counsel and pending in court for possible creditor objections and judicial approval. An entry regarding creditor for August 23 cannot be located. If objector meant to refer to June 23, a $54 phone call regarding the settlement, it is also compensable for the same reason.

The August 2 and 3 Welling billings involve phone calls and correspondence to her regarding case status, including providing her with a copy of the motion to convert. These are not compensable.

Objection is made to counsel reviewing correspondence from debtor regarding her commercial interests on April 17. The April 17 review of Ms. Corson's correspondence and documents follows trustee's Rule 2004 examination and document production request, due April 18. Debtor's tax returns and financial statements were sought by counsel. *See* dkts. 32, 35. The entry appears to relate to this discovery and is compensable.

Objection is made to a June 6 contact with secured creditor HSBC Mortgage regarding a payoff amount. Normally this would be a trustee function. However, applicant explains:

> Counsel was initially contacted by HSBC Mortgage regarding a check it received in satisfaction of its loan and whether it could accept the funds in light of the pending Chapter 7 case. Counsel inquired as to the source of the funds and learned that Debtor obtained refinancing of the residence. Thereafter and on 6/23/06, counsel attempted to obtain additional information relating to the refinancing and Debtor's use of the excess funds.

Response at p. 3, dkt. 75.

Given the unique circumstances, this entry reflects compensable legal work. It is not common for a mortgage company to receive a check from a Chapter 7 debtor, especially where no court order is involved. Contact with the bankruptcy estate's legal counsel to discuss the propriety of accepting payment would not be unusual.

Debtor objects to work on June 23 regarding the refinance of her home, as within the trustee's province. These entires involve telephone calls and correspondence to and from debtor's counsel and Ms. Welling and attention to the issue of debtor refinancing without a court order. More than a simple refinance was involved. Pending was a compromise requiring debtor to pay the estate $20,000. Trustee and counsel subsequently began searching for information regarding the unauthorized refinance, culminating in a July 12 discovery request for debtor to provide copies of the transaction's settlement statement, loan application, a residence appraisal, accounting for use of funds and banking information. Dkt.52. The documents were due on July 31. Order at Dkt. 53. However, debtor filed her motion to convert her case on July 30. It is

4

unclear if she produced the documents. Regardless, debtor's actions created a need of attorney involvement. The services are compensable.

As to entries regarding reviewing debtor's counsel's Rule 2016 statements and services in preparing a realtor's appointment pleading, applicant has agreed to accede to debtor's objections. Response at p. 4.

Debtor objects to time spent on March 30 and April 3 giving attention to residence access and mortgage payment discussions with the realtor. Apparently, debtor was unwilling to provide access to the realtor. On April 4, counsel filed an application for an order to show cause ("OSC") why debtor should not be required to cooperate. While debtor insists she provided access on April 14, at the time of the billing entry there were issues requiring attorney involvement. What should have been a routine trustee matter evolved into a need for legal services, presumably including both drafting the OSC and counseling the broker on dealing with a difficult situation. Again the unique circumstances drove the need for legal counsel.

Objection is made to April 17 entries for reviewing the realtor's inspection and valuation report and a conference with the trustee regarding alternatives for the debtor. Since the availability of nonexempt equity was of importance, counsel's involvement was helpful in assisting the trustee to decide on a position regarding whether the property should be sold or a settlement reached allowing debtor's retention. While normally valuing and marketing realty is a trustee function, here as part of the decision to settle in a difficult case, the trustee required legal assistance. The history of this case, coupled with applicant's response provides a sufficient understanding. This appears compensable. Further, debtor's concerns over double billing on April 17 by the trustee and counsel are resolved by the trustee's agreement for a fee reduction. *See* dkt. 76 at p. 1.

Given the distinct need for legal counsel, copy costs of $28.50 and judicial network access costs appear reasonable.

III.

In conclusion, debtor created much of the need for counsel's involvement. As applicant argues:

> A principal asset of the Chapter 7 Estate was the Debtor's residence. The Trustee investigated and learned that Debtor materially understated the value of her residence in her Schedules by approximately $150,000 and misstated certain bank account balances. As the Debtor had, since the commencement of the case, consistently challenged the authority of the trustee, including his requests for certain documents required of all debtors, the Trustee concluded that it would be necessary for him to retain Counsel to assist with his statutory duties.
> Debtor continued to challenge the authority of the Trustee to administer the Estate. Inspection and sales efforts were frustrated due to Debtor's refusal and failure to permit access to the premises.
> Consequently, an Order to Show Cause was issued against the Debtor.
> Thereafter, a dispute arose as to the value of the residence. At the Rule 2004 examination, Debtor represented to Counsel that the condition of the residence and her income precluded her from obtaining refinancing. Debtor's attorney reiterated the same in his correspondence dated May 10, 2006 and further indicated that the funding of a settlement would come from Debtor's family member.... The Trustee took into consideration, among other things, the Debtor's representations regarding her ability to pay and the parties eventually reached a settlement, subject to this Court's approval. The parties filed a Stipulated Application to Compromise Claim. However, Debtor failed to disclose that a loan in the amount of $174,000 had been funded on or about May 26, 2006. Counsel requested information from Debtor regarding the refinance of the residence. Debtor did not have authority to encumber Estate property and, as stated above, the Trustee relied on Debtor's representations in determining whether the proposed settlement was reasonable. Rather than comply with the request for additional information, Debtor moved to convert the Chapter 7 case to Chapter 13.

Response *id.* at pgs. 1-2.

Since this was not an ordinary case, fees are also not ordinary. They are higher than they would and should have been, had debtor fully cooperated. The fees and costs are allowed, except where noted herein. The trustee will serve and lodge an implementing order.

6
Case 2:05-bk-16760-GBN    Doc 102    Filed 02/15/07    Entered 02/15/07 11:55:29    Desc
Main Document    Page 6 of 7

| | |
|---|---|
| 1 | Dated this 15th day of February, 2007. |
| 2 | |
| 3 | |
| 4 | _____<br>George B. Nielsen, Jr<br>United States Bankruptcy Judge |
| 5 | |

Copies mailed this 15th day
of February, 2007, to:

David Allegrucci
ALLEGRUCCI LAW OFFICE PLLC
18001 N. 79th Avenue, Suite B-46
Glendale, AZ 85308
Attorney for Debtor

Russell A. Brown
Chapter 13 Trustee
P.O. Box 33970
Phoenix, AZ 85067-3970

Michael P. Lane
LANE & NACH, P.C.
2025 N. Third Street
The Brookstore - Suite 157
Phoenix, AZ 85004
Attorney for Roger W. Brown

Roger W. Brown
Chapter 7 Trustee
P.O. Box 32967
Phoenix, AZ 85064-2967

By: /s/Rachael M. Stapleton
        Judicial Assistant

7